IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LENORRIS PARKER,

      Plaintiff,

v.                                                      CASE NO. 1:17-cv-112-MW-GRJ

JOSHUA DONAWAY, et al.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, an inmate presently confined at Florida State Prison,

initiated this case by filing a Complaint, ECF No. 1.  Plaintiff failed to either

pay the civil case filing fee or file a motion for leave to proceed as a pauper

with supporting documentation.  Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a]

civil action shall not be filed by the clerk until the fee is paid . . . unless the

complaint or petition is accompanied by a motion for leave to proceed *in

forma pauperis* [IFP]."  The undersigned will not require Plaintiff to correct

this deficiency because, for the following reasons, the Court recommends

that the Complaint be dismissed for abuse of the judicial process and for

failure to state a claim upon which relief may be granted.

     The allegations of the Complaint stem from an incident that occurred

in August 2016 while Plaintiff was confined at Mayo CI.  Plaintiff alleges

that he was subjected to an excessive use of force by Defendants, all of whom are officers at Mayo.  ECF No. 1.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 16.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration, and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed.  ECF No. 1 at 3-6.  The form expressly warns that "Failure to disclose all prior civil cases may result in the dismissal of this case.  If you are unsure of any prior cases you have filed, that fact must be disclosed as well."  ECF No. 1 at 3.

In response to these questions, Plaintiff identified one prior habeas corpus case: *Parker v. Sec'y DOC*, Case No. 4:12-cv-584-WS-CAS (N.D. Fla. 3/10/14).  Plaintiff expressly denied that he had initiated other actions

in federal court dealing with the same or similar facts as the instant case, and denied that he had filed any previous case that was dismissed as frivolous, malicious, for failure to state a claim, or prior to service.  ECF No. 1 at 3-7.

The Court takes judicial notice that Plaintiff previously filed a case based on the same underlying facts in this Court: *Parker v. Donoway*, Case No. 1:17-cv-12-MW-GRJ (N.D. Fla.).  That case was filed on January 26, 2017.  On March 3, 2017, the undersigned recommended that the case be dismissed for abuse of the judicial process because Plaintiff failed to disclose his prior habeas corpus case and for failure to state a claim upon which relief may be granted.  *Parker*, Case No. 1:17-cv-12-MW-GRJ, ECF No. 5.  The district judge adopted the R&R and dismissed the case on April 12, 2017.  *Id*. ECF No. 10.  This case was filed a little more than two weeks later.  Plaintiff wholly failed to identify the prior civil case, and affirmatively represented that he had filed no prior case that was dismissed for failure to state a claim or prior to service.  *See* ECF No. 1 at 6.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon*

*v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the

dismissal of a prisoner's civil rights complaint that did not disclose a

previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

the Court held that the district court had the discretion to conclude that the

plaintiff's explanation did not excuse his misrepresentation because the

complaint form "clearly asked Plaintiff to disclose previously filed

lawsuits[.]"   *Id*.  The Court determined that dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged
> in bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th
> Cir.1997). In addition, a district court may impose sanctions if a
> party knowingly files a pleading that contains false contentions.
> Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a
> less stringent standard than pleadings drafted by attorneys, a
> plaintiff's *pro se* status will not excuse mistakes regarding
> procedural rules. *McNeil v. United States,* 508 U.S. 106, 113,
> 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's

"three strikes" provision, the information required on the form assists the

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff was plainly aware of the disclosure requirement from the previously dismissed case. Plaintiff cannot plausibly claim that he forgot the prior case two weeks after it was dismissed. Accordingly, the undersigned concludes that this case is due to be dismissed as malicious

for abuse of the judicial process.

It is therefore respectfully **RECOMMENDED** that this case should be

**DISMISSED** without prejudice as malicious for abuse of the judicial

process.  The dismissal of this case as malicious should operate as a

"strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three

strikes, he will be prohibited from proceeding as a pauper in a civil case

while he is incarcerated, unless he can demonstrate that he satisfies the

"imminent danger" exception to the three-strikes bar.

**IN CHAMBERS** this 21st day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**